IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEIDRE CLEVELAND GUARNOTTA, Surviving Daughter and Heir at Law of SCOTT W. CLEVELAND, Deceased, and<br><br>DEIDRE CLEVELAND GUARNOTTA, as Special Administrator of the Estate of SCOTT W. CLEVELAND, Deceased<br><br>           Plaintiff,<br><br>v.<br><br>THOMAS L. ASHCOM, M.D.<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.: 18-CV-01099-EFM-GEB<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM AND ORDER**

On May 21, 2018, the Court held a Scheduling Conference. Plaintiff appeared through counsel, Richard L. Budden. Defendant appeared through counsel, Lisa A. McPherson. After discussing scheduling of the case, the Court considered (1) Defendant's Response in Opposition to Plaintiff's Amended Designation of Place of Trial and Motion for Determination of Place of Trial (**ECF No. 9**) and (2) Defendant's Motion for Order Allowing Release of Protected Health Information, Including Medical Records and *Ex Parte* Interviews of Treating Physicians and Memorandum in Support (**ECF Nos. 10 and 11**) and Plaintiff's Response to the same (ECF No. 14). After reviewing the written briefs and attached exhibits, hearing arguments from counsel and discussing the same, the Court **GRANTED** Defendant's Motions during the Scheduling Conference. The previously-announced ruling of the Court is now memorialized below.

1

## I. Nature of Case[1]

This is a medical malpractice case involving both a survival claim and a wrongful death claim. The Plaintiff is the surviving daughter and special administrator of the deceased's, Scott Cleveland's, estate. Plaintiff alleges Defendant Dr. Ashcom provided negligent care and treatment to Mr. Cleveland, which caused or contributed to his death. Defendant denies negligence and asserts he was acting within the standard of care.

## II. Defendant's Response in Opposition to Plaintiff's Amended Designation of Place of Trial and Motion for Determination of Place of Trial (ECF No. 9)

Plaintiff originally designated Wichita, Kansas as the place of trial. (ECF No. 3). However, on April 2, 2018, Plaintiff filed an amended designation (ECF No. 4), selecting Kansas City, Kansas due to a "clerical error" in the first designation. On May 3, 2018, Defendant filed the subject Response in Opposition of Plaintiff's Amended Designation of Place of Trial and Motion for Determination of Place of Trial (ECF No. 9).

Defendant states Plaintiff has not met her burden to show why the place of trial should be moved from Wichita to Kansas City. Relying on *Bright v. BHCMC, LLC*,[2] Defendant argues Wichita should be the place of trial because like in *Bright*, the only connection to Kansas City is that Plaintiff's attorneys are located there. Rather, the Defendant argues, the place of trial should be Wichita because (1) the deceased resided and was treated in Wichita; (2) the Defendant resides in Wichita and treated the deceased in

---

[1] The information in this section is taken from the Complaint and Answer (ECF Nos. 1 and 6). This background information should not be construed as judicial findings or factual determinations.

[2] No. 17-2529-JWL-GEB, 2018 WL 398450 (D. Kan. Jan. 12, 2018).

Wichita; and (3) the deceased's other treating physicians also reside in Wichita and treated the deceased in Wichita. Therefore, because all the deceased's relevant medical appointments, testing, treatment, medical providers and fact witnesses are in Wichita, Defendant argues trial should be held there. The Court agrees.

The relevant factors to consider in determining the place of trial are: (1) plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious and economical.[3]

Regarding the first factor, Plaintiff lives in New Hampshire, not Kansas City. When "the plaintiff does not reside in the chosen forum, the rationale for allowing plaintiff to dictate the forum evaporates."[4] Additionally, the only real connection to Kansas City appears to be that Plaintiff's attorney is located there. This gives the Plaintiff's choice of forum reduced weight.[5]

Because the deceased resided and was treated in Wichita and because a vast majority of the fact witnesses are in Wichita, the Court finds that the second, third and fifth factors point to Wichita being the appropriate place for trial. The Court finds the fourth factor neutral because a fair trial could be obtained in either location.

---

[3] *Id*. at *2.
[4] *Id*. (citing *Smith v. Staffmark Temp. Agency*, No. 07-2089-CM-GLR, 2007 WL 2436669, at *1 (D. Kan. Aug. 22, 2007)).
[5] *Id*. at *3 (citing *Cook v. Atchison, Topeka & Santa Fe Ry. Co*., 816 F. Supp. 667, 669 (D. Kan. 1993)).

Based on the above, the Court **GRANTS** Defendant's request for Wichita, Kanas to be the designated place of trial. **IT IS THEREFORE ORDERED** that Wichita, Kansas shall be the designated place of trial.

### III. Defendant's Motion for Order Allowing Release of Protected Health Information, Including Medical Records and *Ex Parte* Interviews of Treating Physicians and Memorandum in Support (ECF Nos. 10 and 11)

Based on the plethora of authority in this District,[6] Defendant argues his proposed order allowing for the release of protected health information, including medical records and *ex parte* interviews of treating physicians, should be granted. Despite the well-accepted law in this District, Plaintiff argues Defendant's proposed order should be denied because of a "profound trend" among Kansas state courts to decline to enter such orders. Plaintiff argues Kansas courts are refusing these orders because they are illusory and do not comply with the Health Insurance Portability and Accountability Act (HIPAA).

However, these arguments were rejected in *Callahan v. Bledsoe*.[7] In *Callahan*, the plaintiff, like Plaintiff here, argued certain state court judges were contending these orders to be "nothing more than advisory opinion[s] to a nonparty to do some act outside of this judicial proceeding that the Court cannot enforce, monitor, sanction or effectively review" and therefore does not comply with HIPAA.[8] The Court disagreed, stating:

---

[6] *See, e.g., Escalante v. Lifepoint Hosp.*, No. 17-2035-JWL-KGG, 2017 WL 2501070, at *2 (D. Kan. June 9, 2017) (stating the overwhelming balance of authority in this District allows for the type of order and interviews defendant requests); *see also Becker v. Estivo*, No. 14-2531-JAR, 2015 WL 758220, at *2 (D. Kan. Feb. 23, 2015); *Pratt v. Petelin*, No. 09-2252- CM-GLR, 2010 WL 446474, at *8 (D. Kan. Feb. 4, 2010); *Sample v. Zancanelli Mgmt. Corp.*, No. 07-2021-JPO, 2008 WL 508726 (D. Kan. Feb. 21, 2008).
[7] No. 16-2310-JAR-GLR, 2017 WL 590254 (D. Kan. Feb. 14, 2017).
[8] *Id.* at *2.

> Medical providers typically provide stringent procedures in complying with HIPPA, as they fear violating it and, by extension, their patients' privacy. What WMC and similarly-situated defendants are seeking is an order from a court that allays the medical provider's fears that talking with such a party may violate their obligations under HIPPA—nothing more.  It is therefore not an advisory opinion; rather, it is an order stating that a court of law has determined that medical records are relevant to a case involving the medical provider's patient (current or former) and that the treating physicians may discuss and/or release that patient's medical records to the party presenting such an order.[9]

The Court, also noting its position to be bolstered by numerous opinions in this District, granted the order.[10]  This Court will do the same based on the well-established authority in this District.

Based on the above, the Court **GRANTS** Defendant's Motion.  **IT IS THEREFORE ORDERED** that Defendant's proposed order allowing for the release of protected health information, including medical records and *ex parte* interview of treating physicians, shall be entered forthwith.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 31st day of May, 2018.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge

---

[9] *Id.*

[10] *Id.*; *see also Escalante,* 2017 WL 2501070, at *2.